Affirmed and Opinion filed May 29, 2003









Affirmed and Opinion filed May 29, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00570-CR

____________

 

JERRY WERNARD WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 176th District Court

Harris County, Texas

Trial
Court Cause No. 702,831

 



 

M E M O R A N D U M  O P I N I O N

Appellant entered a plea of guilty to the offense of
misapplication of fiduciary property and was sentenced to ten years= probation, 360 hours of community
service, drug and alcohol counseling and restitution in the amount of
$12,242.30. Subsequently, the State filed a motion to revoke probation on
several grounds. The trial court granted the State=s motion on the ground that appellant
failed to comply with the order to live and work in Harris County. The trial
court then assessed punishment at ten years= confinement in the Institutional
Division of the Texas Department of Criminal Justice.








Appellant's appointed counsel filed a brief in which he
concludes that the appeal is wholly frivolous and without merit. The brief
meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967), presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant.  Appellant was advised of the right to examine
the appellate record and appellant filed a pro se response on March 31, 2003.

Appellant raises thirty-three issues in his pro se brief in
which he contends (1) the trial court erred in accepting his original plea, (2)
the trial court erred in amending the conditions of his probation, (3) the
trial court abused its discretion in revoking his probation, (4) the trial
court abused its discretion in not Aprocessing appellant=s application for writ of habeas
corpus, and (5) several of appellant=s constitutional rights were
violated.  

In issues one through five, twenty-six, and thirty-three,
appellant complains of issues regarding his original plea.  Those issues, however, cannot be considered
in an appeal from a revocation of probation. 
Feagin v. State, 967 S.W.2d 417, 419 (Tex.
Crim. App. 1998).  Accordingly,
issues one through five, twenty-six, and thirty-three are overruled.








In issues six, seven, ten, eleven, twelve, eighteen,
twenty-one, twenty-two, and twenty-eight, appellant contends the trial court
erred in amending the conditions of probation. 
In issues eight, fifteen, sixteen, seventeen, and twenty-five, appellant
contends the trial court abused its discretion in revoking his probation.  Appellant was placed on probation in Harris
County on January 18, 2000, for misapplication of fiduciary funds.  At that time, appellant was allowed to live
in Jefferson County to maintain his employment. 
On October 15, 2001, the Jefferson County probation department closed
supervision on appellant because he was sentenced to the federal penitentiary.[1]  On December 6, 2002, appellant received a
letter, which informed him that when he was released from the federal
penitentiary, he would be required to live and work in Harris County.  Appellant was released on January 10,
2002.  On January 23, 2002, the trial
court held a hearing on the modifications to appellant=s probation conditions.  The modification at issue here is the one
that required appellant to live and work in Harris County.  At that time, appellant signed a document
entitled ASecond Amended Conditions of
Community Supervision.@  Above appellant=s signature on that document is the
following language:

I understand that under the laws of this State, the
Court shall determine the terms and conditions of Community Supervision, and
may alter or modify said conditions during the period of Community
Supervision.  I further understand that
failure to abide by these Conditions of Community Supervision may result in the
revocation of Community Supervision or an adjudication of guilt.

 

On February 15, 2002, appellant filed written objections to
the amended conditions.  The record
reflects neither a hearing, nor a ruling on those objections.  On February 26, 2002, the State filed a
motion to revoke appellant=s probation because he did not live or work in Harris
County.  On May 30, 2002, the trial court
held a hearing on the State=s motion where appellant raised his objections to the amended
conditions of probation.  The trial court
overruled appellant=s objections and revoked his probation.








Appellant contends on appeal that the trial court abused its
discretion in amending the conditions of probation and in revoking his
probation.  An award of probation is not
a right, but a contractual privilege, and conditions of probation are terms of
the contract entered into between the trial court and the defendant.  Speth v. State, 6
S.W.3d 530, 534 (Tex. Crim. App. 1999). 
Conditions not objected to are affirmatively
accepted as terms of the contract.  Id.
 By entering into a contractual
relationship without objection, a defendant affirmatively waives any rights
encroached upon by the terms of the contract. 
Id.  A defendant who
benefits from the contractual privilege of probation must complain at the time
the conditions are imposed if he finds those conditions objectionable.  Id. 
By signing the amended conditions of probation and not raising an
objection until approximately three weeks after the hearing on the amended
conditions, appellant waived any complaint about the amended conditions of
probation.  Accordingly, appellant=s sixth, seventh, eighth, tenth,
eleventh, twelfth, fifteenth, sixteenth, seventeenth, eighteenth, twenty-first,
twenty-second, twenty-fifth, and twenty-eighth issues are overruled.

In his ninth issue, appellant contends the trial court erred
in failing to grant a prompt hearing on the State=s motion to revoke probation.  In issues thirteen and twenty-seven,
appellant contends the trial court erred in failing to rule on his application
for writ of habeas corpus.  Appellant
contends that article 42.12 of the Code of Criminal Procedure requires the
trial court to hold a hearing on the motion to revoke probation within twenty
days of the date the motion is filed. 
Article 42.12 section 21(b) provides that if a
defendant is arrested pursuant to a motion to revoke probation and is held
without bail, he may file a motion requesting release on bail and the trial
judge must hold a hearing on that motion within twenty days.  Here, appellant filed an application for writ
of habeas corpus requesting, among other things, that he be released from
custody.  The appellate record does not
reflect a hearing or ruling on appellant=s application.  Issues of pretrial bail, however, are moot
after the defendant is sentenced.  See
Oldham v. State, 5 S.W.3d 840, 846 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  Therefore, appellant=s ninth, thirteenth, and
twenty-seventh issues are overruled.








In his fourteenth issue, appellant contends the evidence was
insufficient to support a violation of the conditions of probation.  A court reviewing an order revoking probation
is limited to determining whether the trial court abused its discretion.  Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  The appellate court must examine the evidence
in the light most favorable to the trial court=s order.  Galvan v. State, 846 S.W.2d 161, 162
(Tex. App.CHouston [1st Dist.] 1993, no
pet.).  At the hearing on the motion to
revoke, appellant presented no evidence that he was living or working in Harris
County prior to the filing of the motion. 
The trial court liason officer testified that appellant did not live or
work in Harris County.  Appellant argued
that he had a Harris County address, but presented no evidence of that
address.  Therefore, the trial court did
not abuse its discretion in finding that appellant violated the conditions of
probation.

In issues nineteen, twenty, twenty-three, twenty-four,
twenty-nine, thirty, thirty-one, and thirty-two, appellant contends the trial
court committed several errors in violation of the state and federal
constitutions.  Appellant failed,
however, to timely object to those violations. 
To preserve a
complaint for appellate review, a party must make a timely, specific objection in the trial court. Tex. R. App. P. 33.1; Dinkins v.
State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). 
The failure
to object can waive even an error involving constitutional rights.  Muniz v. State, 851
S.W.2d 238, 255 (Tex. Crim. App. 1993). 
Therefore, appellant=s nineteenth, twentieth, twenty-third, twenty-fourth,
twenty-ninth, thirtieth, thirty-first, and thirty-second issues are overruled.

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Opinion filed May 29, 2003.

Panel consists of Justices Yates, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  The record
does not reflect for what offense appellant was sentenced.