

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00249-CR

DONALD LYNN RAMSEY AKA
DONALD LYNN RAMSAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. B-4502-13-07, Honorable Edward Lee Self, Presiding

December 17, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Donald Lynn Ramsey, aka Donald Lynn Ramsay, appeals his conviction of forgery committed against an elderly person by contending the evidence is insufficient to sustain the conviction. We reverse the judgment.

The standard of review is discussed in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). We refer the parties to that opinion in lieu of reiterating its content.

Next, the State alleged, via indictment, that appellant "with the intent to defraud or harm another, namely JIMMIE E. OWENS, an elderly individual 65 years of age or

older, pass[ed] to Janna Parson, a forged writing, knowing such writing to be forged, and such writing had been so executed so it purported to be the act of JIMMIE E. OWENS . . . ." The statute upon which the allegation was founded made it an offense for a person to forge a writing with the intent to defraud or harm another. *See* TEX. PENAL CODE ANN. § 32.21 (b) (West 2011).[1] Because an element of the crime charged required proof that the accused acted with the intent to defraud or harm another, the "State necessarily had to prove that . . . [the accused] knew that the . . . [item was] forged . . . ." *Okonkwo v. State*, 398 S.W.3d 689, 695 (Tex. Crim. App. 2014); *accord Stuebgen v. State*, 547 S.W.2d 29, 32 (Tex. Crim. App. 1977) (stating that "[w]hile the requisite culpable mental state . . . [for the offense of forgery of a writing] is 'intent to defraud or harm,' we fail to perceive how such culpable mental state can be shown absent proof of knowledge that the instrument is forged."). And, while intent may be inferred from circumstantial evidence such as words, acts, or conduct, *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995), intent to defraud cannot be inferred from mere evidence of possession, passage, or presentment of a forged instrument. *Johnson v. State*, 425 S.W.3d 516, 520 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

According to the evidence here, the $65 check negotiated by appellant was made payable to him and contained the signature "Jim E. Owens." Listed on the memorandum line was the phrase "Contract Labor." The record contains no evidence illustrating who wrote that information on the item. Nor does it contain evidence indicating that the handwriting on the instrument was similar to that of appellant.

---

[1] The definition of "forge" includes to "alter, make, complete, execute or authenticate any writing so that it purports . . . to be the act of another who did not authorize that act . . . ." TEX. PENAL CODE ANN. § 32.21(a)(1)(A)(i) (West 2011).

Other evidence illustrated that 1) J. E. Owens, eighty-five years old, signed his checks as Jimmie E. Owens, Jimmie Owens, or J. E. Owens; 2) appellant worked for him and his son Jed; 3) appellant had been paid in the past with checks written with the words "Contract Labor" on the memorandum line; 4) the two authorized signatories on the account were J. E. Owens who is Jimmie Owens and J. J. Owens who is Jed Owens; 5) J. E. did not sign or authorize anyone to sign the check in question; 6)  Jed did not sign the check or authorize another to do so; 7) appellant lived in the Owens' shop; 8) the checks were kept in an unlocked truck; 9) appellant had access to the truck; and 10) others who came to the shop had access to the truck as well.

The record further discloses that Janna Parson owned the Booger Red Liquor store, which was located a block and a half from the Owens Motor Machine shop.  She testified that appellant was a customer and passed that check on June 11, 2013. Testimony also disclosed that she had received permission from the Owens to cash paychecks for appellant.  There is no evidence about whether she recognized the signature on the check as genuine.

In *Stuebgen v. State*, the defendant cashed a check made payable to him.  The name of the account owner appeared on the check, but the owner testified that he did not sign the instrument.  Additionally, the accused was an employee of the account owner who also happened to keep his checkbook in his truck.  And, as here, individuals in addition to the accused had access to the vehicle and no evidence appeared of record indicating that the writing on the instrument was similar to that of the accused. Given these circumstances, our Court of Criminal Appeals was asked to determine whether sufficient evidence appeared of record from which a rational jury could infer,

3

beyond reasonable doubt, that the accused intended to defraud or harm.  In response, the court said:

> In the instant case, the record reflects that appellant made no statement from which it could be inferred that he knew the instrument was forged. Appellant was listed as the payee, and appellant did not falsely represent himself.  No evidence was introduced to show that anything appearing on the check was in appellant's handwriting.  Although appellant had access to Chitwood's checkbook, and Chitwood normally paid his employees personally, we do not find that this evidence is sufficient to discharge the State's burden of showing that appellant acted with intent "to defraud or harm another."

*Stuebgen v. State*, 547 S.W.2d at 32.

We find it difficult to distinguish the material circumstances in *Stuebgen* from those before us.  Consequently, we find the outcome in *Stuebgen* controlling here.  To the extent that access to the checks and passing the check was not enough to establish intent to defraud there, it was not enough here.  Simply put, there is no evidence of record from which a rational fact finder could infer, beyond reasonable doubt, that appellant knew the instrument was forged and, therefore, intended to defraud or harm either Owens.  *See also Crittenden v. State*, 671 S.W.2d 527, 528 (Tex. Crim. App. 1984) (finding no evidence of intent to defraud from a record in which the defendant made no statement from which it could be inferred that he knew the instrument was forged, he was listed as the payee and he did not falsely represent himself, no evidence was introduced to show that anything on the check was in the defendant's handwriting, there was no showing of any connection between the check stolen from the service station and appellant prior to the time he said he received it in the mail, and he made no attempt to flee after his attempt to deposit the check was thwarted).

We do not have a situation like that in *Oldham v. State*, 5 S.W.3d 840 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). There, the accused represented to the person to whom she passed the check that she obtained the instrument from her employer. Yet, she did not work for the person. *Id.* at 843-45. The misrepresentation allowed the fact finder to reasonably infer that the writing was forged. So, the State's reliance on *Oldham* is misplaced.[2]

Nor does the evidence that J. E. Owens signed the checks as "J. E. Owens" constitute proof that appellant knew the check was forged. Again, Owens testified that he had also signed checks in other ways, such as "Jimmie Owens" or "Jimmie E. Owens." So, it cannot be rationally inferred that appellant knew of the forgery because the signature line did not contain "J. E. Owens" in this instance. Moreover, to accept the State's argument would require us to presume that appellant knew how Owens signed his checks, but we found no evidence to support that. Appellant did not testify; nor did anyone so testify. Nor does the record contain a description of the number of checks previously written to appellant and the particular name appearing on the signature line. It would seem necessary for such to appear of record before one can logically infer that the payee somehow knew whether or not the signature on a later instrument was genuine or fake simply by looking at the signature.

---

[2] In *Williams v. State*, 688 S.W.2d 486 (Tex. Crim. App. 1985), another case relied on by the State, the defendant was asked by the cashier where he had obtained the money order he sought to cash, and he replied that he had done some work for a lady and she paid him with it. *Id.* at 488. The utterance was false, and from that the jury could rationally infer his knowledge of the forgery. *Id.* at 490.

Based on this record, we find the evidence insufficient to establish that appellant 1) knew the instrument was forged or 2) had the requisite intent to defraud or harm.[3] Consequently, we reverse the judgment and render a judgment of acquittal.

Brian Quinn
Chief Justice

---

[3] Per *Bowen v. State*, 374 S.W.3d 427, 431-32 (Tex. Crim. App. 2012), we perused the record to determine if the crime for which appellant was tried encompassed a lesser-included offense having evidentiary support. None was found.