Opinion issued July 30, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00424-CR

————————————

## JI CHEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1773682**

---

## O P I N I O N

A jury convicted appellant, Ji Chen, of theft of property valued more than

$50 and less than $500.[1]  The trial court assessed his punishment at 120 days'

---

[1]  *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(2) (Vernon 2011).

confinement in the Harris County Jail and a fine of $2,000. In his sole issue, appellant argues that the trial court erred in denying him a ten-day continuance pursuant to Texas Code of Criminal Procedure article 28.10 after allowing the State to delete a descriptive word from the charging instrument on the morning of trial.

We affirm.

## Background

T.J. Tolleson, the complainant, was employed as a loss-prevention officer for the Apple retail store at Memorial City Mall. Tolleson observed appellant conceal a mouse and two other computer accessories in his pocket and leave the store without attempting to pay for the items. Tolleson followed appellant out of the store, identified himself as the loss-prevention officer, and recovered the three items appellant had removed from the store. The Apple mouse was marked with a retail value of $69.

Appellant was originally charged by information that stated he "unlawfully appropriated . . . property, namely, AN IPOD MOUSE." On the day of trial, immediately prior to the start of voir dire, the State moved to abandon the word "ipod" so that the information charged appellant with stealing "a mouse." Appellant objected, arguing that the State had an obligation to prove the theft of the specific item described in the information, and it should not be able to "get

around" that obligation by striking a portion of what it had pled. Appellant also filed a formal bill of exceptions, which was approved by the trial court, stating that he objected to the alteration in open court, argued that the change was an amendment of the information rather than an abandonment of surplusage, and requested a ten-day continuance pursuant to article 28.10. The trial court overruled appellant's objection and denied his request for a continuance.

The jury convicted appellant of theft of property valued between $50 and $500. This appeal followed.

## Analysis

In his sole issue, appellant argues that the trial court erred in denying his request for a continuance in light of the State's amendment of the information on the day of trial.

An amendment to the charging instrument is subject to Code of Criminal Procedure article 28.10, which provides:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.
>
> (b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c)     An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

TEX. CODE CRIM. PROC. ANN. art. 28.10 (Vernon 2006).

"An amendment is an alteration to the face of the charging instrument which affects the substance of the charging instrument." *Eastep v. State*, 941 S.W.2d 130, 132–33 (Tex. Crim. App. 1997) (identifying as examples of "amendments" alteration of weapon in aggravated assault indictment and additional manner and means of committing offense), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000). Conversely, an abandonment does not affect the substance of the charging instrument. *Id.* at 133. The Court of Criminal Appeals identified three situations where an alteration to the face of the charging instrument does not amount to an amendment: (1) abandonment of one or more alternative ways or means of committing an offense; (2) abandonment of an allegation if the effect is to reduce the prosecution to a lesser included offense; and (3) abandonment of surplusage. *Id.* at 135. "Surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument." *Id.* at 134; *see Curry v. State*, 30 S.W.3d 394, 399 (Tex. Crim. App. 2000). In these situations, the alteration is an abandonment, not an amendment, and it does not invoke article 28.10's requirements. *Eastep*, 941 S.W.2d at 134–35; *see also*

4

*Chavis v. State*, 177 S.W.3d 308, 311 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (holding that abandonment of surplusage does not invoke requirements of article 28.10).

To establish theft, the State is required to prove that the defendant unlawfully appropriated property with the intent to deprive the owner of the property. *See* TEX. PENAL CODE ANN. § 31.03(a). The offense of theft is a Class B misdemeanor if the value of the property stolen is $50 or more but less than $500. *Id.* § 31.03(e)(2). The deletion of the word "ipod" did not delete any allegation necessary to describe the charged offense, as the remaining words, "a mouse," identified the property stolen, and the value of the mouse fell within the range alleged in the information. *See Curry*, 30 S.W.3d at 399; *Eastep*, 941 S.W.2d at 134. We conclude that the State's deletion of the word "ipod" did not affect the substance of the indictment and constituted an abandonment, not an amendment, and, thus, it did not invoke article 28.10's requirements. *See Curry*, 30 S.W.3d at 399; *Eastep*, 941 S.W.2d at 134; *Chavis*, 177 S.W.3d at 311.

Appellant cites an exception to the rule that a charging instrument may be altered to delete language unnecessary to constitute the offense alleged. The Court of Criminal Appeals has held, "Where the unnecessary matter is descriptive of that which is legally essential to charge a crime, the State must prove it as alleged though needlessly pled." *Eastep*, 941 S.W.2d at 134 n.7; *see also Curry*, 30

5

S.W.3d at 399–400 (holding that such descriptive language must be proven as alleged, even though needlessly stated). Appellant argues that because the Code of Criminal Procedure requires the State to describe the personal property stolen by "name, kind, number, and ownership," the description of the property stolen as "an ipod mouse" was alleged, even if unnecessarily, the State was required to prove the theft as alleged, and any subsequent alteration of the description of the property implicated article 28.10's requriements. *See* TEX. CODE CRIM. PROC. ANN. art. 21.09 (Vernon 2009) (requiring State to describe personal property stolen by "name, kind, number, and ownership"); *Byrd v. State*, 336 S.W.3d 242, 251 n.48 (Tex. Crim. App. 2011) (citing pleading requirements of article 21.09).

"[E]xtra language is 'descriptive' of an element of the offense if it 'define[s] the offense more narrowly, place[s] it in a specific setting, or describe[s] the method by which it was committed.'" *Curry*, 30 S.W.3d at 399 (quoting *Upchurch v. State*, 703 S.W.2d 638, 641 (Tex. Crim. App. 1985)). Here, the use of the word "ipod" in the original information served none of these three functions—it did not define the scope of the offense, place it in a specific setting, or describe the method by which the theft was committed. *See id.* Thus, we disagree with appellant that the word "ipod" was legally essential to charge the crime. *See Eastep*, 941 S.W.2d at 135 (holding that abandonment of some appropriations in theft indictment was

6

permissible where aggregate value of remaining appropriations was still over $20,000).

We overrule appellant's sole issue.

**Conclusion**

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Publish.   TEX. R. APP. P. 47.2(b).