# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00333-CR

**Rogelio Alaniz, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-11-0520, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Rogelio Alaniz was charged with three counts of aggravated assault. *See* Tex. Penal Code § 22.02. On the day that the trial began, the State moved to alter the allegations in the indictment by removing the word "serious" from all three counts. In response, Alaniz objected to the proposed changes and, alternatively, requested additional time to respond. *See* Tex. Code Crim. Proc. art. 28.10. At the end of the hearing, the district court overruled Alaniz's objections, denied Alaniz's request for additional time to respond, and agreed to grant the State's motion to alter the indictment. After a trial, the jury found Alaniz guilty of all three crimes and sentenced him to 25 years' imprisonment for each count. Alaniz appeals his judgment of conviction. We will affirm his conviction.

## DISCUSSION

On appeal, Alaniz presents three issues. First, he argues that the district court erred by making the alterations to his indictment. Second, he contends that the modifications violated his

due-process rights. Finally, he asserts that the district court's "failure to interlineate" the changes into "the indictment constitutes reversible error."

*Abandonment of Charge in Indictment*

As mentioned above, in his first issue, Alaniz contends that the district court erred by agreeing to make the changes to the indictment that were requested by the State. As support for this argument, Alaniz refers to article 28.10 of the Code of Criminal Procedure, which sets out the procedures for amending an indictment. *See* Tex. Code Crim. Proc. art. 28.10; *see also id.* art. 28.11 (providing that "[a]ll amendments of an indictment or information shall be made with the leave of the court and under its direction"). In particular, article 28.10 authorizes amendments before a trial has commenced but also requires the trial court to provide the defendant with time to respond to an amendment if he requests. *Id.* art. 28.10(a). Further, article 28.10 explains that "[a] matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object." *Id.* art. 28.10(b). In addition, article 28.10 provides that an indictment "may not be amended over the defendant's objection as to form or substance if the" amendment "charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." *Id.* art. 28.10(c). In light of these statutory provisions, Alaniz contends that the district court erred by amending the indictment on the day of trial over his objection and by failing to provide him with time to respond to the amendments.

"An amendment is an alteration to the face of the charging instrument which affects the substance of the charging instrument." *Eastep v. State*, 941 S.W.2d 130, 132-33 (Tex. Crim. App. 1997), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App.

2

2000). Conversely, if an alteration to an indictment does not affect the indictment's substance, then it is not an amendment. *Id.* at 133. Importantly, if an alteration is not an amendment, then the change does not invoke the requirements of article 28.10 of the Code of Criminal Procedure mentioned above, *Chen v. State*, 410 S.W.3d 394, 396 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd), including the need to provide a defendant with time to respond if he requests it, *see* Tex. Code Crim. Proc. art. 28.10(a). When exploring the boundaries of what constitutes an amendment, the court of criminal appeals has identified three types of alterations that do not constitute amendments: "(1) abandonment of one or more of the alternative means in which an offense may be committed; (2) abandonment of an allegation in the charging instrument if the effect of such abandonment is to reduce the prosecution to a lesser included offense; or, (3) abandonment of surplusage." *Eastep*, 941 S.W.2d at 135 (internal citations omitted); *see Chen*, 410 S.W.3d at 396; *see also Barron v. State*, No. 03-11-00519-CR, 2013 Tex. App. LEXIS 9268, at *20 n.3 (Tex. App.—Austin 2013, no pet.) (mem. op., not designated for publication) (concluding that analysis in *Eastep* regarding surplusage in indictment "remains good law" even though appellate courts have questioned its continuing validity because court of criminal appeals continues to refer to that analysis in *Eastep* with approval).

In order to determine whether there was error, we must first decide whether the changes made to the indictment were amendments. The indictment was titled "OFFENSE: AGGRAVATED ASSAULT WITH A DEADLY WEAPON [SERIOUS BODILY INJURY]" and initially alleged, in relevant part, that Alaniz committed the following three criminal acts:

3

did then and there intentionally, knowingly and recklessly cause serious bodily injury to Michael Rodriguez by use of a deadly weapon, to wit: a gun, by shooting Michael Rodriguez on or about the arm and leg;

did then and there intentionally, knowingly and recklessly cause serious bodily injury to Katherine Hubbard by use of a deadly weapon, to wit: a gun, by shooting Katherine Hubbard on or about the arm; [and]

did then and there intentionally, knowingly and recklessly cause serious bodily injury to Oscar Falcon by use of a deadly weapon, to wit: a gun, by shooting Oscar Falcon on or about the arm.

When the State sought to alter the indictment, it asked the district court to remove the word "serious" from the phrase "serious bodily injury" in all three counts, and the district court agreed to make the requested changes. As a result, the modified indictment alleged that Alaniz committed three acts of aggravated assault by "intentionally, knowingly and recklessly caus[ing] bodily injury . . . by use of a deadly weapon, to wit a gun."

A similar issue regarding the deletion of the word "serious" from an indictment was confronted by another court of appeals. *See Dawson v. State*, No. 10-01-00202-CR, 2003 Tex. App. LEXIS 10873 (Tex. App.—Waco Dec. 31, 2003, no pet.) (mem. op., not designated for publication). The indictment at issue in *Dawson* originally alleged, in pertinent part, that Dawson:

intentionally, knowingly or recklessly cause[d] serious bodily injury to another, namely: Andrew Lee Davis by shooting Andrew Lee Davis in the groin; and, Anthony Laroy Dawson did then and there use and exhibit a deadly weapon, namely: .25 caliber pistol, during the commission of said offense, and said weapon, in the manner of its use or intended use, was capable of causing serious bodily injury.

*Id.* at *3-4. The trial court in *Dawson* granted the State's request to delete "serious" from the phrase "serious bodily injury." In discussing the language of the indictment, the court stated that by including

4

the word "serious," the State had "alleged two different means by which Dawson committed the offense" of aggravated assault as set out in the Penal Code. *Id.* at *4-5.

Under the Penal Code, there are various ways by which an individual can be guilty of committing assault and aggravated assault. *See* Tex. Penal Code §§ 22.01(a), .02(a). The statutory provisions at issue in this case as well as in *Dawson* provide that a person commits an assault if he "intentionally, knowingly, or recklessly causes bodily injury to another" and that a person commits aggravated assault if he "commits assault" and either "causes serious bodily injury to another" or "uses or exhibits a deadly weapon during the commission of the assault." *Id.* §§ 22.01(a)(1), .02(a). In light of this statutory language, the court in *Dawson* concluded that the indictment alleged that Dawson committed aggravated assault both by causing serious bodily injury and by using a deadly weapon during an assault. *Dawson*, 2003 Tex. App. LEXIS 10873, at *5. Therefore, the court explained that by requesting the alteration "the State effectively abandoned one of the alternative means of committing the offense originally alleged." *Id.* Accordingly, the court in *Dawson* concluded that the alteration was not an amendment. *Id.*

We find the logic in *Dawson* persuasive. When the word "serious" was removed from the indictment, the remaining wording tracked the language from the Penal Code by alleging that Alaniz was guilty of the crime of aggravated assault by use of a deadly weapon. *See* Tex. Penal Code §§ 22.01(a)(1), .02(a)(2). In other words, by requesting the alteration, the State effectively abandoned the serious-bodily-injury means of committing aggravated assault. *See id.* § 22.02(a)(1). In reaching this result, we are mindful of Alaniz's assertion that the deletion cannot constitute an abandonment of an alternative means because the language of the indictment does not use the word

5

"or" to link the alternative means of committing aggravated assault. Although we recognize that the indictment was not pleaded in the disjunctive, that same type of language was present in *Dawson* and in other cases in which the courts have concluded that the deletion was an effective abandonment. *See, e.g.*, *Garcia v. State*, 537 S.W.2d 930, 932-33 (Tex. Crim. App. 1976) (concluding that removal of "and convicted of" from phrase in indictment "charged with and convicted of" was "proper abandonment" of one theory under statute governing crime of escaping custody, which at that time required proof that person was "arrested for, charged with, *or* convicted of an offense" before escaping custody) (emphasis added).

For these reasons, we conclude that the requested alterations were abandonments of alternative means and not amendments. Accordingly, we also conclude that the district court did not err by making the requested changes or by denying Alaniz an opportunity to respond to them. Therefore, we overrule Alaniz's first issue on appeal.

*No Due Process Violation*

In his second issue, Alaniz contends that his due-process rights were violated by the district court's decision to allow the alterations to the indictment. In particular, Alaniz argues that his trial preparation, including his review of various medical records, centered on contradicting the State's assertions that the three victims had suffered "serious" bodily injury. Moreover, Alaniz notes that the changes were not made until after voir dire was completed and contends that his jury selection was framed by "the charges as alleged in the indictment." For these reasons, Alaniz asserts that he "was not afforded adequate notice to prepare an informed and effective defense."

6

As a preliminary matter, we note that other than referring to a case for the general proposition that an indictment should inform the defendant of the charges against him, *see Garcia v. State*, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998) (explaining that indictment must provide notice of accusations against defendant), Alaniz does not cite any legal authority supporting his due-process claim. *See* Tex. R. App. P. 38.1(i) (requiring party to file brief with appropriate citations to authority); *see also Rodriguez v. State*, 329 S.W.3d 74, 81 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (explaining that failure to cite authority for appellate issue can result in waiver).

In any event, we are not persuaded that the type of indictment changes at issue in this case could have violated Alaniz's due-process rights. As suggested by Alaniz, the purpose of an indictment is to provide the defendant with "notice of the offense charged so that he may prepare, in advance of trial, an informed and effective defense." *Riney*, 28 S.W.3d at 565. In other words, the function of the indictment is to inform the defendant of the charges against him and to provide him with "adequate information to prepare an appropriate defense." *Id.* at 566. In this case, the indictment informed Alaniz that he was being charged with three counts of aggravated assault, set out the manner in which he allegedly committed the acts, stated who the victims were, and gave a description of how and when the victims were injured. Although the modifications requested by the State altered the degree of the harm alleged, the modifications did not otherwise affect the substance of the allegations against Alaniz.

Based on the preceding, we overrule Alaniz's second issue on appeal.

*The Changes were Interlineated into the Indictment*

In his final issue on appeal, Alaniz contends that the district court erred by failing to physically alter "the face" of the indictment. When presenting this argument, Alaniz argues that "he

7

was denied fair notice of the charges against him because there was no actual physical alteration to the face of the indictment, nor was there a photocopy of the original indictment with the amendment entered into the written record." *See id.* at 565-66 (explaining that although court had previously decided that "only effective means of accomplishing an amendment was by interlineation," there are other ways to effect amendment including proffering copy of amended version of original indictment).

However, the supplemental clerk's record, which was filed after Alaniz filed his appellate brief, shows that the alterations were interlineated on the face of the indictment. Accordingly, we overrule Alaniz's final issue on appeal.

## CONCLUSION

Having overruled all of Alaniz's issues on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed:   July 9, 2014

Do Not Publish

8