In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00062-CR
_____

MARC RICHARD SAUNDERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 12-10-11342-CR

MEMORANDUM OPINION

Appellant Marc Richard Saunders appeals his conviction for cruelty to a livestock animal. The jury returned a guilty verdict, found Saunders used a deadly weapon during the commission of the offense, and assessed Saunders's punishment at confinement in prison for a term of five years. In two issues, Saunders contends the trial court erred in amending the indictment and he challenges the sufficiency of the evidence based upon a variance between the indictment and the proof at trial. We affirm the trial court's judgment.

1

The indictment handed up by the grand jury alleged, in pertinent part, that Saunders, on or about October 25, 2012, "did then and there intentionally, knowingly or recklessly torture to an animal, to-wit: a donkey by dragging it with a motor vehicle . . . ." Saunders did not move to quash the indictment before the trial commenced. During the presentation of the State's case-in-chief, over Saunders's objection, the trial court granted the State's motion to abandon the parts of the indictment that alleged "recklessly" and "an animal." The trial court denied Saunders's motion for directed verdict after the State rested. Saunders objected to describing a donkey as a livestock animal in the charge. The trial court overruled the objection and, in part, charged the jury as follows:

> A person commits the offense of Cruelty To Livestock Animals if the person intentionally or knowingly tortures an animal and the conduct engaged in by the defendant is not a generally accepted and otherwise lawful form of conduct occurring solely for the purpose of or in support of fishing, hunting, trapping, wildlife management, wildlife or depredation control, or shooting preserve practices as regulated by state and federal law, or animal husbandry or agriculture practice involving livestock animals.

The charge included a definition that "'**Livestock animal**' means a horse, pony, mule, donkey, or [hinny]." The application paragraph stated as follows:

> Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about October 25, 2012, in Montgomery County, Texas, the defendant, **MARC RICHARD SAUNDERS**, did then and there intentionally or knowingly torture a donkey by dragging it with a motor vehicle, and the

2

defendant's conduct was not a generally accepted and otherwise lawful form of conduct occurring solely for the purpose of or in support of fishing, hunting, or trapping, or wildlife management, wildlife or depredation control, or shooting preserve practices as regulated by state and federal law or animal [husbandry] or agricultural practice involving livestock animals, then you will find the defendant guilty of the offense of Cruelty To Livestock Animals as charged in the Indictment.

In issue one, Saunders contends the trial court effectively amended the indictment in violation of article 28.10 of the Texas Code of Criminal Procedure, which prohibits amendment over a defendant's objection if the amendment charges the defendant with an additional or different offense or if his substantial rights are affected. *See* Tex. Code. Crim. Proc. Ann. art. 28.10 (West 2006). He argues the indictment alleged an offense of cruelty to a nonlivestock animal under section 42.092 of the Texas Penal Code and that by allowing the removal of the terms "recklessly" and "animal" from the charge, the trial court impermissibly allowed the State to proceed to verdict on a charge of cruelty to a livestock animal under section 42.09 of the Texas Penal Code. *Compare* Tex. Penal Code Ann. § 42.09 *with* § 42.092 (West 2011).

We disagree with the appellant's contention that the trial court amended the indictment. A trial court affects an amendment through a physical interlineation of the original indictment or the trial court signs an order approving an amended version of a photocopy of the original indictment. *See Riney v. State*, 28 S.W.3d

3

561, 566 (Tex. Crim. App. 2000). Here, the trial court did not physically alter the face of the indictment, the State did not proffer an amended photocopy of the indictment, and the State and the trial court specifically noted that only an abandonment was sought or granted.

Also, we disagree with the appellant's contention that the indictment alleged only the commission of the offense of cruelty to a nonlivestock animal and that the State's abandonment of certain allegations effectively charged Saunders with an additional or different offense from the offense indicted by the grand jury. The grand jury indicted Saunders for torturing a donkey by dragging it with a motor vehicle. The elements of an offense committed under section 42.09(a)(1) of the Texas Penal Code are: the person (1) intentionally or knowingly (2) tortures a livestock animal. Tex. Penal Code Ann. § 42.09(a)(1). For purposes of section 42.09, "'[l]ivestock animal' means . . . a horse, pony, mule, donkey, or hinny[.]" *Id.* § 42.09(b)(5)(B). "'Torture' includes any act that causes unjustifiable pain or suffering." *Id.* § 42.09(b)(7). The indictment, which alleged that Saunders did "intentionally, knowingly . . . torture . . . a donkey by dragging it with a motor vehicle[,]" included the elements of an offense under section 42.09 of the Penal Code. *See id.*

Allegations may be abandoned from an indictment without giving the defendant additional time to prepare. *Alston v. State*, 175 S.W.3d 853, 854 (Tex. App.—Waco 2005, no pet). Unlike an amendment, an abandonment of surplusage does not affect the substance of the charging instrument. *Chen v. State*, 410 S.W.3d 394, 396 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing *Eastep v. State*, 941 S.W.2d 130, 135 (Tex. Crim. App. 1997), *overruled on other grounds by Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001) *and by Riney*, 28 S.W.3d at 566). For example, in *Chen*, a theft case, the information alleged the defendant committed theft of "an ipod mouse." 410 S.W.3d at 395. During the trial, the State abandoned the word "ipod[,]" and theft of "a mouse" was submitted to the jury. *Id.*at 395-96. The use of the word "ipod" was not legally essential to charge the crime because "it did not define the scope of the offense, place it in a specific setting, or describe the method by which the theft was committed." *Id.* at 396-97.

Saunders argues the indictment alleged the commission of an offense under section 42.092 of the Texas Penal Code because it included elements that appear in section 42.092 and do not appear in section 42.09. We disagree. Words that do not relate to the charged offense are mere surplusage that may be deleted from the application paragraph without invalidating the indictment. *See Cook v. State*, 256

S.W.3d 846, 850 (Tex. App.—Texarkana 2008, no pet.). In *Cook*, which concerned an appeal of a conviction for attempted aggravated sexual assault of a child, the appellant argued that the indictment erroneously blended two offenses. *Id*. The court held that the inclusion of allegations relating to online solicitation of a minor was mere surplusage that did not invalidate the indictment for attempted aggravated sexual assault of a child. *Id.*

In this case, the indictment alleged that Saunders tortured a donkey. A donkey is a livestock animal. *See* Tex. Penal Code Ann. § 42.09(b)(5)(B). We conclude the indictment alleged the commission of an offense under section 42.09 of the Texas Penal Code and allegations relating to cruelty to a nonlivestock animal were surplusage. *See Cook*, 256 S.W.3d at 850.

Saunders suggests that the deletion of "recklessly" is not an abandonment because it is a lesser culpable mental state, not a greater culpable mental state. It is error to add a less culpable mental state that was not alleged in the indictment if the less culpable mental state is not part of a lesser included offense and the acts relied upon to constitute recklessness were not included in the indictment. *See Reed v. State*, 117 S.W.3d 260, 265 (Tex. Crim. App. 2003). But, deleting allegations that need not be proven to secure a conviction can be distinguished from adding allegations that were neither stated nor described. For instance, in *Bates v. State*, an

6

aggregate theft case, the State abandoned allegations concerning theft of aluminum and retained allegations concerning theft of brass. *See* 15 S.W.3d 155, 161 (Tex. App.—Texarkana 2000, pet. ref'd). Additionally, the State abandoned an allegation of theft of brass by a perpetrator with a given name that differed from the defendant's. *Id.* at 161-62. The appellate court held the trial court did not err in permitting the State to drop some of the alleged instances of theft because it was not necessary to prove each individual appropriation in a prosecution for aggregate theft. *Id.* at 162. Similarly, in this case, the inapplicable alternate mental state is surplusage because a reckless mental state is not descriptive of the offense of cruelty to a livestock animal. Allegations "not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment are treated as mere surplusage, and may be entirely disregarded." *Burrell v. State*, 526 S.W.2d 799, 802 (Tex. Crim. App. 1975), *overruled on other grounds by Gollihar*, 46 S.W.3d at 257.

Saunders argues that an "animal" cannot be a "livestock" animal by statutory definition. The term "animal" does not include "livestock" for purposes of a prosecution under section 42.092 of the Texas Penal Code, but that same exclusion is not contained in section 42.09. *See* Tex. Penal Code Ann. §§ 42.09, 42.092. Section 42.09 states that a donkey is a livestock animal. *See id.* § 42.09(b)(5)(B).

7

The State, having pleaded that Saunders tortured a donkey, accused Saunders of committing an offense under section 42.09 of the Texas Penal Code. Because the State abandoned surplusage, the trial court did not permit a mid-trial amendment of the indictment in violation of article 28.10 of the Texas Code of Criminal Procedure. *See generally* Tex. Code. Crim. Proc. Ann. art. 28.10. We overrule issue one.

In issue two, Saunders contends there is a fatal variance between the indictment, which alleged that Saunders tortured "an animal, to-wit: a donkey" and the proof at trial that Saunders tortured a donkey, which is *per se* a livestock animal. The State argues that "any variance between the charged offense and the proof offered at trial is immaterial because [Saunders] was given sufficient notice that he would be charged with cruelty to a donkey, and there is no danger of the appellant being later charged with the same offense."

In evaluating the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the defendant guilty of all of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To determine whether the State met its burden under *Jackson* to prove the defendant's guilt beyond a reasonable doubt, we compare the elements of the crime as defined

by the hypothetically correct jury charge to the evidence adduced at trial. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. "[T]he 'law' as 'authorized by the indictment' must be the statutory elements of the offense" and those elements as modified by the indictment. *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). "[T]he hypothetically correct jury charge does not necessarily have to track exactly all of the charging instrument's allegations." *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012). "[A] hypothetically correct jury charge need not incorporate allegations that would give rise to only immaterial variances." *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014).

A variance involving statutory language that defines the offense is always material and renders the evidence legally insufficient to support the conviction. *Johnson*, 364 S.W.3d at 298. "[A] variance involving a non-statutory allegation that describes an 'allowable unit of prosecution' element of the offense may or may not render the evidence legally insufficient, depending upon whether the

variance is material[.]" *Id*. at 298-99. Variances involving immaterial non-statutory allegations do not render the evidence legally insufficient. *Id.* at 299.

Saunders argues a material variance is presented here because the State alleged he committed cruelty to a nonlivestock animal, but proved he committed cruelty to a livestock animal. We disagree. A hypothetically correct charge need not track exactly all of the allegations of the indictment. *Johnson*, 364 S.W.3d at 294; *Gollihar*, 46 S.W.3d at 253. The indictment neither alleged that Saunders tortured a nonlivestock animal, nor described a nonlivestock animal in the indictment. Rather, the indictment alleged that Saunders tortured a donkey, which is a livestock animal. *See* Tex. Penal Code Ann. § 42.09(b)(5)(B). If we assume for the sake of argument that the State failed to abandon the allegation of "animal" in the indictment, the variance would be immaterial because the State pleaded and proved that Saunders tortured a donkey. Thus, the indictment notified Saunders that he was being charged with cruelty to an animal that is a livestock animal and the State adduced proof at trial that the animal Saunders dragged with his vehicle—until its hooves ground down to the soft tissue—was a donkey. Because any variance between the pleading and proof was immaterial, and Saunders's challenge to the sufficiency of the evidence is based solely on the variance, we

hold the evidence is legally sufficient to support the conviction. *See Gollihar*, 46

S.W.3d at 258. We overrule issue two and we affirm the trial court's judgment.

    AFFIRMED.


                                      _____

                                            CHARLES KREGER
                                               Justice


Submitted on January 27, 2015
Opinion Delivered November 18, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.