**AFFIRMED; Opinion Filed July 7, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00477-CR

**CHRISTOPHER DARRELL JEFFERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-30608-W**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Myers
Opinion by Justice Myers

Appellant Christopher Darrell Jefferson was convicted by a jury of capital murder and

punishment was assessed at life imprisonment without the possibility of parole. *See* TEX. PENAL

CODE ANN. § 12.31(a)(2). In one issue, appellant contends the trial court erred by allowing the

State to amend the indictment after the close of evidence. We affirm.

### DISCUSSION

The indictment against appellant alleged in part that on or about January 29, 2013, he did:

> unlawfully then and there intentionally cause the death of LATOYA
> MCGOWAN, an individual, hereinafter called deceased, by SHOOTING THE
> DECEASED WITH A FIREARM, A DEADLY WEAPON, and the defendant
> was then and there in the course of committing and attempting to commit the
> offense of BURGLARY of said deceased.

After both the State and defense rested and closed, the State made an oral motion to strike the

words "of said deceased" from the indictment. Appellant objected to the motion, arguing that

the State was required to allege that the burglary was committed without the effective consent of a named owner. Counsel stated, "It's set out in every burglary indictment that comes out of the Grand Jury." Counsel argued that "burglary of said deceased" did not set forth the felony offense required for capital murder, and that it was fundamentally unfair to allow the State to "manipulate" a defective indictment after the evidence was closed. Counsel concluded, "You can't just guess and suppose that this was done without the consent of some person. That has to be set out in the indictment, and they have to do that." The trial court overruled appellant's objection, stating, "I'm granting the State's motion to strike the surplus language." The application paragraph of the jury charge repeated the indictment's allegations but omitted the words "of said deceased."

An amendment to the charging instrument is governed by article 28.10 of the Texas Code of Criminal Procedure, which provides:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.
>
> (b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.
>
> (c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

TEX. CODE CRIM. PROC. ANN. art. 28.10. Article 28.11 states that "[a]ll amendments of an indictment or information shall be made with the leave of the court and under its direction." *Id*. art. 28.11. The Texas Court of Criminal Appeals has held that, under the language of article 28.10(b), the defendant has "an absolute veto power over proposed amendments after trial on the merits has commenced." *Hillin v. State*, 808 S.W.2d 486, 489 (Tex. Crim. App. 1991) (plurality

op.). This power is triggered when, after trial on the merits has commenced, the defendant makes a timely objection to the form or substance of the State's proposed amendment. *Id*. at 488.

There is, however, a difference between amendment of an indictment and abandonment of language in the indictment. "An amendment is an alteration to the face of the charging instrument which affects the substance of the charging instrument." *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), *overruled on other grounds by Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001) *and by Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000); *see also Moore v. State*, 54 S.W.3d 529, 546 (Tex. App.—Fort Worth 2001, pet. ref'd); *Duenas v. State*, No. 05–14–00192–CR, 2015 WL 1243345, at *4 (Tex. App.—Dallas Mar. 16, 2015, no pet.) (mem. op., not designated for publication). An abandonment, on the other hand, does not affect the substance of the charging instrument. *Eastep*, 941 S.W.2d at 133; *Moore*, 54 S.W.3d at 546; *Duenas*, 2015 WL 1243345, at *4. A change of language in an indictment is appropriate to (1) abandon one or more alternative means of committing the offense, (2) abandon an allegation if the effect is to reduce the charged offense to a lesser included offense, or (3) eliminate surplusage. *Eastep*, 941 S.W.2d at 135; *Chen v. State*, 410 S.W.3d 394, 396 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd); *Mayfield v. State*, 117 S.W.3d 475, 476 (Tex. App.—Texarkana 2003, pet. ref'd); *see also Duenas*, 2015 WL 1243345, at *4 n.5 (citing *Barron v. State*, No. 03–11–00519–CR, 2013 WL 3929121, at *7 n.3 (Tex. App.—Austin July 26, 2013, no pet.) (mem. op., not designated for publication) (concluding that analysis in *Eastep* regarding surplusage in indictment "remains good law")). "Surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument." *Eastep*, 941 S.W.2d at 132. An abandonment of such language in the indictment does not invoke the requirements of articles 28.10 and 28.11 of the code of criminal procedure. *Id*. at 135; *Chen*, 410 S.W.3d at 396;

*Duenas*, 2015 WL 1243345, at *4.

Appellant argues that the abandonment of the words "of said deceased" from the indictment constituted an amendment of the indictment in violation of article 28.10(b) of the code of criminal procedure. His argument is that the allegation "of said deceased" described the phrase "without the effective consent of the owner," an essential element of the underlying burglary offense, and that this brought the present case within a recognized exception to the general rule regarding the deletion of surplusage. Appellant cites *Burrell v. State*, 526 S.W.2d 799, 802 (Tex. Crim. App. 1975), *overruled by Gollihar*, 46 S.W.3d at 256–57, for the contention that unnecessary language is not surplusage if it is descriptive of a necessary element of the charged offense. The *Burrell* exception applied to language that (1) places an offense in a specific setting, (2) defines the method by which the offense was committed, or (3) describes the offense more narrowly. *See Curry v. State*, 30 S.W.3d 394, 399 (Tex. Crim. App. 2000) (citing *Burrell*, 526 S.W.2d at 80). But appellant's reliance on *Burrell* is misguided because the court of criminal appeals explicitly overruled the *Burell* exception in *Gollihar*. *Gollihar*, 46 S.W.3d at 256–57; *Hoisager v. State*, No. 03–13–00328–CR, 2015 WL 4537581, at *3 (Tex. App.—Austin July 17, 2015, pet. ref'd) (mem. op., not designated for publication).

The question before us is whether the words "of said deceased" were legally essential to constitute the offense alleged. *See Eastep*, 941 S.W.2d at 132–34. Courts have consistently held that an indictment alleging capital murder need not allege the particular elements of the underlying offense. *See Alba v. State*, 905 S.W.2d 581, 585 (Tex. Crim. App. 1995) (indictment need not allege constituent elements of underlying offense which elevates murder to capital murder); *Kitchens v. State*, 279 S.W.3d 733, 735–36 (Tex. App.—Amarillo 2007, pet. ref'd) (court correctly denied defendant's motion to quash capital murder indictment for failure to allege constituent elements of underlying offense of burglary). Moreover, the phrase "without

–4–

the effective consent of the owner," which is an element of burglary, is not alleged in this indictment nor do the words "of said deceased" describe that element of the offense. Accordingly, the language "of said deceased" was not legally essential to the offense of capital murder as alleged in the indictment, thereby rendering it surplusage. Removal of this surplusage was not an amendment for the purposes of article 28.10. *See Eastep*, 941 S.W.2d at 136. Thus, the trial court did not err by allowing the State to remove this language from the indictment. We overrule appellant's issue.

One additional issue we must address concerns appellant's request for leave to file a post-submission supplemental brief. On June 6, 2016, more than two months after this case was submitted on March 30, 2016, appellant filed a motion asking us to reset the submission date and grant leave to file a supplemental brief raising the issue of the sufficiency of the evidence. The motion noted that we had already denied, in an order signed on February 24, 2016, a pro se motion filed by appellant to amend his brief and raise sufficiency of the evidence because appellant, who is represented by counsel, is not entitled to hybrid representation. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004). In the supplemental brief, appellant now urges us to review whether the evidence was sufficient to support a capital murder conviction and, specifically, whether there was sufficient evidence to prove the underlying offense of burglary, which is necessary to support the capital murder conviction.

To prove capital murder as alleged in the indictment, the State had to prove appellant intentionally caused the death of Latoya McGowan by shooting her with a firearm while in the course of committing and attempting to commit the offense of burglary. *See* TEX. PENAL CODE ANN. § 19.03(a)(2). A person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation and commits or attempts to commit a felony, theft, or an assault. *Id*. § 30.02(a)(3). In a prosecution for capital murder based on burglary, the requirement

that a felony be intended is satisfied by the murder of the victim. *Gardner v. State*, 306 S.W.3d 274, 287 (Tex. Crim. App. 2009). In other words, the court of criminal appeals has held that a murder occurring after a break-in can serve as both the basis for the murder charge and the underlying felony required for burglary. *See id.*; *Homan v. State*, 19 S.W.3d 847, 848 (Tex. Crim. App. 2000) (reversing court of appeals which held the murder of complainant could not be used to turn entry into home a burglary); *Matamoros v. State*, 901 S.W.2d 470, 474 (Tex. Crim. App. 1995) (evidence was sufficient to prove burglary component of capital murder where defendant entered complainant's home without his consent and killed complainant). This Court, relying on *Homan*, has likewise stated that in a capital murder case with burglary as the aggravating element, the complainant's murder could be the felony in the burglary. *See Brown v. State*, 92 S.W.3d 655, 659 (Tex. App.—Dallas 2002), *aff'd*, 122 S.W.3d 794 (Tex. Crim. App. 2003); *Jones v. State*, No. 05–08–00925–CR, 2009 WL 3366559, at *3 (Tex. App.—Dallas Oct. 21, 2009, no pet.) (not designated for publication). Thus, the question would be whether there is sufficient evidence to prove appellant did not have the consent of McGowan's mother, Terrance Brown, to enter her home on the day in question. *See Gardner*, 306 S.W.3d at 287.

There is ample direct and circumstantial evidence that appellant lacked such consent. The evidence showed the victim had been in a relationship with appellant—the father of her two daughters—until December 29, 2012. McGowan told her mother that she ended the relationship because appellant had beaten her, and both the victim and her mother were afraid of appellant and what he might do. Appellant would call Brown's rented home when the victim lived with her and come over during the early morning hours and knock on the windows and doors. Brown told appellant numerous times he was not welcome and should stay away. Brown also went to the district attorney's office with McGowan to apply for a protective order against appellant. On January 28, 2013, the day before the shooting, Brown called the police because appellant was

outside her home peeping through a window. On the night of January 29, 2013, Brown thought she heard someone at the door. She told her daughter to call the police. Brown went to the kitchen and grabbed a knife. She then heard a loud crash and saw her china hutch fall to the floor as appellant leaped through the dining room window. Pictures showing the broken window and blinds were admitted into evidence. Appellant shot Brown four times. McGowan died after suffering gunshot wounds to her chest, back, left arm, left thigh, and right arm. Appellant's DNA profile was identified in blood stains on the window blind that hung on the broken window near the china hutch. Appellant's DNA profile was also identified in a blood stain on the kitchen knife that Brown used to defend herself. Given the evidence in this case, a rational jury could certainly have found beyond a reasonable doubt that appellant committed the offense as charged in the indictment.

Appellant nonetheless urges us to consider the reasoning set forth in Judge Johnson's dissenting opinion in *Homan*, where she argued it would be illogical to allow the State to use the murder of the complainant to "bootstrap" a murder offense into a capital murder offense. *Homan*, 19 S.W.3d at 849–51 (Johnson, J., dissenting). Under stare decisis, however, we are bound follow precedent established by the court of criminal appeals. *See State of Texas ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971); *Lewis v. State*, 448 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Accordingly, appellant's June 6, 2016 motion for leave to file a supplemental brief and to reset the submission date, or for alternative relief, is denied.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150477F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CHRISTOPHER DARRELL JEFFERSON,
Appellant

No. 05-15-00477-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F13-30608-W.
Opinion delivered by Justice Myers. Justices
Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of July, 2016.