**AFFIRMED and Opinion Filed February 3, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00466-CR**

**LADARIAN DONELL WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1775949-M**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Appellant Ladarian Donell Wilson was convicted by a jury of trafficking a person under the age of eighteen to engage in, or become the victim of, sexual assault. On appeal, Wilson contends that he was egregiously harmed because the State orally amended the indictment to remove a prostitution allegation but never amended the written indictment. We affirm the trial court's judgment.

## BACKGROUND

Wilson was originally indicted for trafficking a person under the age of eighteen "to engage in, or become the victim of, sexual assault and prostitution." *See* TEX. PEN. CODE § 20A.02(a)(7)(C), (7)(E). During voir dire, before the panel was

called in, the State orally moved to strike the prostitution allegation. Wilson did not object. The trial court merely responded, "Very well." During voir dire, the trial court read the indictment to the jury and omitted the prostitution allegation. Likewise, the State omitted the prostitution allegation each time it mentioned the indictment to the jury.

During the charge conference, there was no discussion of the prostitution allegation, and Wilson did not object to the jury charge, which contained only the sexual assault allegation. The charge instructed the jury:

> A person commits the offense of trafficking of a person if he traffics a child with the intent that the trafficked child engage in, or become the victim of, sexual assault.

The charge also instructed the jury that, "if you unanimously find from the evidence beyond a reasonable doubt" that Wilson knowingly trafficked the complainant "to engage in, or become the victim of, sexual assault, you will find the defendant Guilty of the offense of Trafficking of Persons, as charged in the indictment . . . ." The jury returned a unanimous verdict, finding Wilson "guilty of the offense of Trafficking of Persons, as charged in the indictment." This appeal followed.

## ANALYSIS

In one issue, Wilson contends the trial court erred in failing to instruct the jury to find each element alleged in the written indictment. According to Wilson, the trial court's implied grant of the State's oral amendment did not constitute an amendment, but merely authorized the State to amend its written indictment. Wilson

reasons that, because the State never amended its written indictment, the jury charge was erroneous and he suffered egregious harm by being convicted under the defective charge.

The State contends, however, that the written indictment presented two alternative methods of committing the trafficking offense: sexual assault or prostitution. The jury charge correctly addressed one method. The State further contends its "amendment" was actually an abandonment of the prostitution allegation, which did not require a revision to the written indictment.

The Code of Criminal Procedure provides that, after notice to the defendant, "a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences." TEX. CODE CRIM. PROC. art. 28.10(a). The Code further provides that "[a]ll amendments of an indictment or information shall be made with the leave of the court and under its direction." *Id.* art. 28.11. Amending an indictment requires a motion from the State requesting the amendment, an order from the trial court granting the amendment, and documentation in the record reflecting the changes to the indictment sufficient to give the defendant fair notice of the charges against him. *See Perez v. State*, 429 S.W.3d 639, 642–43 (Tex. Crim. App. 2014); *Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000).

Traditionally, an amendment could be accomplished only by the actual, physical alteration of the charging instrument. *Ward v. State*, 829 S.W.2d 787, 793

(Tex. Crim. App. 1992). The Court of Criminal Appeals partially overruled *Ward* to the extent that it determined physical "pen and ink" alteration of the indictment is not the exclusive method of accomplishing an amendment. *Riney*, 28 S.W.3d at 565–66 (concluding that an interlineated photocopy of the indictment was a sufficient amendment); *see also Perez*, 429 S.W.3d at 643 (concluding that a motion to replace eleven existing counts in an indictment with five counts in an attached exhibit was a sufficient amendment). A variety of other methods to amend an indictment have been upheld. *See, e.g.*, *Barfield v. State*, 202 S.W.3d 912, 920–21 (Tex. App.—Texarkana 2006, pet. ref'd) (upholding an amendment made by attaching a copy of language from State's motion to the order granting the amendment); *Westmoreland v. State*, 174 S.W.3d 282, 287 (Tex. App.—Tyler 2005, pet. ref'd) (concluding that an order granting a motion to amend that contained both the original and revised charge sufficient to amend the indictment); *Aguilera v. State*, 75 S.W.3d 60, 64 (Tex. App.—San Antonio 2002, pet. ref'd) (holding that a written order granting the State's motion to amend, in which the language of the original indictment is reproduced, is an effective amendment); *Valenti v. State*, 49 S.W.3d 594, 598 (Tex. App.—Fort Worth 2001, no pet.) (holding that a written order granting the State's motion to amend, in which the language of the original indictment is reproduced, is an effective amendment); *Harrison v. State*, No. 05-07000453-CR, 2008 WL 2514333, at *1 (Tex. App.—Dallas June 25, 2008, no pet.) (not designated for publication) (holding that a trial court's order, affixed and incorporated into the

State's motion containing the amended language, was sufficient to amend an indictment).

Not all alterations of an indictment, however, are amendments. An amendment is an alteration to the face of the charging instrument that affects the substance of the charging instrument. *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), *overruled on other grounds by Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001), and *Riney*, 28 S.W.3d at 565; *see also Moore v. State*, 54 S.W.3d 529, 546 (Tex. App.—Fort Worth 2001, pet. ref'd). In contrast, an abandonment does not affect the substance of the charging instrument. *Eastep*, 941 S.W.2d at 133; *Moore*, 54 S.W.3d at 546–47. Non-substantive changes include (1) abandoning one or more alternative means of committing the offense, (2) abandoning an allegation if the effect is to reduce the charged offense to a lesser included offense, or (3) eliminating surplusage. *Eastep*, 941 S.W.2d at 135; *Moore*, 54 S.W.3d at 547; *see also Chen v. State*, 410 S.W.3d 394, 396 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). In these situations, an alteration to an indictment is an abandonment, not an amendment, and the restrictions of Articles 28.10 and 28.11 do not apply. *Eastep*, 941 S.W.2d at 134–35; *Moore*, 54 S.W.3d at 547; *Chen*, 410 S.W.3d at 396.

To resolve this appeal, we need not decide if the indictment was properly amended. Although Wilson contends the State amended the indictment, the State's oral motion did not characterize the request as an amendment. Rather, the State

sought to "strike the last two words on the indictment." The last two words were "and prostitution." The State's oral motion was, in fact, an abandonment of the prostitution allegation, which left only the sexual assault allegation. *See* TEX. PEN. CODE § 20A.02(a)(7) (providing a disjunctive list of means by which the offense may be committed); *see also Castoreno v. State*, No. 04-18-00409-CR, 2019 WL 938276, at *5 (Tex. App.—San Antonio Feb. 27, 2019, no pet.) (mem. op., not designated for publication) (noting statute's use of disjunctive establishes different means of trafficking a child). Accordingly, the indictment was already sufficient to authorize conviction for trafficking a child solely to engage in, or become the victim of, sexual assault without amendment. *See Castoreno*, 2019 WL 938276, at *5.

The changes to the indictment sought by the State, and approved by the trial court, did not change the substance of the indictment, but merely struck one allegation. This constituted an abandonment of that allegation. *Eastep*, 941 S.W.2d at 134–35; *see also Grey v. State*, 298 S.W.3d 644, 650 (Tex. Crim. App. 2009) (stating that the State can abandon an element of the charged offense without prior notice and proceed to prosecute a lesser included offense).

The State set out to prosecute Wilson for trafficking of a child on two grounds: "sexual assault and prostitution." Although alleged in the conjunctive, alternate theories of committing the same offense may be submitted disjunctively in the jury charge. *Gamboa v. State*, 296 S.W.3d 574, 582–83 (Tex. Crim. App. 2009) (citing *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991)). Accordingly,

Wilson could be convicted of trafficking if the State proved only the sexual assault allegation. *See id*. Wilson was fully apprised of the sexual assault charge and had no objection to it. The record reflects that all parties—the trial court, Wilson, the State, and the jury—understood that Wilson was being tried solely based on the sexual assault allegation. The jury found by its verdict that Wilson was guilty of trafficking a child for sexual assault as stated in the indictment.

The jury charge, which followed the language of the State's abandonment of the prostitution allegation, properly set out the law applicable to the case. *See* TEX. CODE CRIM. PROC. art. 36.14. Consequently, there was no error in the jury charge. And, even if there was error, Wilson was not harmed because the abandonment limited the grounds on which the State could prove its case against him. Accordingly, we overrule Wilson's sole issue on appeal.

## CONCLUSION

Having overruled Wilson's sole issue on appeal, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
200466F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LADARIAN DONELL WILSON,
Appellant

No. 05-20-00466-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1775949-M.
Opinion delivered by Justice Partida-Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 3, 2022